**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TOMMY LEE HARDEMON, #528739,**  )<br>　　　　**Plaintiff,**　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　　)<br>**v.**　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>**BOARD OF PARDONS AND PAROLES,** )<br>**et al.,**　　　　　　　　　　　　　　　　)<br>　　　　**Defendants.**　　　　　　　　　) | **3:06-CV-0478-B**<br>**ECF** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 12, 2006, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>: This is a *pro se* civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.[1]

<u>Parties</u>: At the time of filing this action, Plaintiff was confined at the Hunt County Jail in Greenville, Texas. He is presently incarcerated at the Central Farm Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Sugarland, Texas.

Defendants are the Texas Board of Pardons and Paroles -- Appeals Tribunal and Central

---

[1] As set out more fully below, the complaint is tantamount to a request for habeas corpus relief. As a result, the filing fee provisions of the Prison Litigation Reform Act are inapplicable to this case. <u>See</u> 28 U.S.C. § 1915(b).

Hearing Section -- and TDCJ Parole Division. The Court did not issue process in this case pending preliminary screening. On March 21, 2006, the Court issued a questionnaire to Plaintiff who filed his answers on March 27, 2006.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, challenges the revocation of Plaintiff's parole on June 15, 2005. Plaintiff alleges he was denied the right to confront and cross examine witnesses, the right to present witnesses and other evidence, and the right to a final parole revocation hearing. (Complaint at 3-4 and attached handwritten Notice at 1-4).

On June 23, 2005, Plaintiff filed a motion to reopen his parole revocation hearing with the Appeals tribunal of the Texas Board of Pardons and Parole, raising the due process claims at issue in this case. (Answer to Questions 5 and 6). According to Plaintiff, the Appeals Tribunal denied his motion to reopen. (Id.).

In the remaining attachments to the complaint, Plaintiff challenges the conditions of his confinement. He includes a copy of a letter he wrote to State Judge R. Beacom reiterating the deplorable conditions of the Hunt County Jail. He also attaches a copy of inmate grievances, resumes, and professional and training certificates.[2]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

---

[2] This is Plaintiff's second action during the last five months. On February 16, 2006, he filed a civil rights complaint against three detention officers, the Hunt County Jail, and the Hunt County Jail Kitchen, complaining of the conditions of confinement at the Hunt County Jail. See Hardemon v. Sims, et al., 3:06cv0297-K (referred to Magistrate Judge Stickney).

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Plaintiff challenges the June 15, 2005 parole revocation, which led to his current period of incarceration in TDCJ-CID. He seeks "general relief," but not monetary damages. (Complaint at 4 and Answer to Question 3). The Court must decide whether Plaintiff should pursue such a matter in a habeas corpus action or whether he can bring it in a civil rights action pursuant to 42 U.S.C. § 1983.

The United States Court of Appeals for the Fifth Circuit has held that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983." <u>Jackson v. Torres</u>, 720 F.2d 877, 879 (5th Cir. 1983); <u>see also</u> <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier

3

release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); <u>Orellana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).  This holding is based on the Supreme Court's opinion of <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973), which concluded that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."  <u>See also</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005); <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994).

Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 439 (5th Cir. 1989).  The label a plaintiff places upon the action does not dictate how the court handles the action.  <u>Jackson</u>, 720 F.2d at 879.  Therefore, even though Plaintiff seeks relief in the form of a § 1983 action, the Court finds it clear that the nature of his claims, which seek to undermine his parole revocation and, thus, his current confinement, is that of a request for habeas relief.  <u>Id.</u> (prisoner's contention that he was neither given notice of his right to final hearing nor a final hearing by the Texas Board of Pardons and Paroles, was in reality a challenge to the duration of his confinement).

Prior to pursuing a request for release through habeas corpus in federal court, Plaintiff is required to exhaust all of his available state court remedies.  <u>See</u> 28 U.S.C. § 2254(b); <u>Preiser</u>, 411 U.S. at 491.  A state prisoner must first present the factual and legal basis of any claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  <u>See</u> Tex. R. App. 66 (eff. Sept. 1, 1997), *formerly* Tex. R. App. P. 202(a); Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2006).  Otherwise, the federal habeas claim

is unexhausted and subject to dismissal. See Bautista v. McCotter, 793 F.2d 109, 100 (5th Cir. 1986); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement applies to a petitioner's challenge of the decisions or validity of parole revocation proceedings that call into question the fact of confinement. See McGrew v. Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

Therefore, Plaintiff's claims challenging his parole revocation should be dismissed without prejudice to Plaintiff reasserting them in a habeas corpus action pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.

In addition to his parole revocation, Plaintiff appears to challenge the conditions of confinement at the Hunt County Jail. (See Attachments to Complaint). Such claims are duplicative of claims presently pending before District Judge Ed Kinkeade in Hardemon v. Sims, et al., 3:06-cv-0297-K. Accordingly, they should be dismissed from this case. C.f. Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (the court may properly dismiss an action when it "duplicates allegations of another pending federal lawsuit by the same [person].)"

RECOMMENDATION:

It is recommended that Plaintiff's claims challenging his parole revocation be dismissed without prejudice to Plaintiff reasserting his claim in a habeas corpus action pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.

It is further recommended that, insofar as Plaintiff seeks to challenge the conditions of confinement at the Hunt County Jail, his claims should be dismissed without prejudice as

duplicative of claims presently pending in <u>Hardemon v. Sims, et al.</u>, 3:06cv0297-K.

      A copy of this recommendation will be mailed to Plaintiff.

      Signed this 1st day of August, 2006.


                                        _____
                                        WM. F. SANDERSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE


## NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.